UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-1239-ZMB |
| ) | |
| DANIEL KEEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Timothy A. Walker's motions to proceed in forma pauperis and motion to appoint counsel. Docs. 2, 3, 5. For the following reasons, the Court grants Walker's motion to proceed in forma pauperis and denies his request for counsel.

The Court first considers Walker's second motion to proceed in forma pauperis.[1] Doc. 3. A prisoner may seek "to bring a civil action . . . without prepayment of fees or security thereof." 28 U.S.C. § 1915(a)(2). To proceed in forma pauperis, the prisoner must file the required affidavit as well as "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding" the initiation of the civil action. *Id.* If the Court determines that the prisoner is financially unable to pay the fees associated with the action, it may grant the prisoner leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

Walker has provided the requisite documentation. He submitted a completed affidavit, *see* Doc. 3 at 1–3, as well as the institutional equivalent of the trust fund account statement, *id.* at 3. The documentation indicates that he has a *negative* account balance of $1,796.06. *Id.* Therefore, Walker has demonstrated he is financially unable to pay and may proceed in forma pauperis.

---

[1] Walker's first motion to proceed in forma pauperis was incomplete. *See* Doc. 2. Because his second motion was complete and meritorious, the Court denies as moot Walker's first motion to proceed in forma pauperis.

Walker also moves for the appointment of counsel. Doc. 5. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Walker has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. That said, the Court may entertain a future request for counsel if circumstances change as the case progresses.

Accordingly, the Court **GRANTS** Walker's [3] second motion to proceed in forma pauperis, **DENIES** as moot Walker's [2] first motion to proceed in forma pauperis, and **DENIES** without prejudice Walker's [5] motion to appoint counsel.

So ordered this 28th day of October 2025.

                                             ZACHARY M. BLUESTONE
                                             UNITED STATES DISTRICT JUDGE